May it please the Court, I'm Jackie Koch. I'm here on behalf of the plaintiffs and I'd like to ask for, to reserve a couple of minutes for rebuttal if I may do that. This is a case involving wage and hour law and whether or not employees were properly compensated. We conclude these employees work what is referred to as a 12-hour shift, although in fact they're at work for more than 12 hours on a shift. And they work a different amount of days on different weeks. Some weeks they work three days and some days, weeks, they work four. One of the problems in the case has to do with the break periods that are given to the employees by the employer. And the question becomes whether or not they were properly compensated for overtime. Part of the case also involves a question under the Portal to Portal Act as to whether or not certain activities are compensable or not under that Act. In terms of the payment of the so-called paid lunch, one could view it as a paid work period or as a paid non-work period and here's why. Under state law, an employer is required to give a paid break to its employees of at least ten minutes for each four hours or a major portion of four hours worked. The employer also has requirements regarding meal periods, but the paid break period cannot be stacked onto the meal period. In other words, it's regardless of the meal period. These employees received an unpaid meal period that complied with state law during their shift, but also received two essentially ten-minute breaks, although they're sometimes referred to as twenty-minute breaks because ten of those minutes were taken with them taking on and off of their coverings, covers that they wore to keep the property clean when they were working. So those breaks complied with the state law. Then we come to the necessary third break because, again, they're working essentially a twelve-hour shift. And this break is a paid break in the sense the employer paid them for it, but it was also a meal break because it was thirty minutes. Under state law, however, the employer had to give them at least ten minutes. Therefore, the entire period is, in effect, work time, and the employer could not use that time against other time that it owed the employee for. Viewed another way, it is not work time, but it is still paid time, a benefit of employment, that the employer cannot then take back. He can't pay for something and then take it back to cover time for which the employer owed compensation. In a way, the judge erred because the judge simply said, well, I'm going to take this period and I'm just going to apply all of the paid time, all of the money to the time that wasn't these two lunches in essence. Part of the way that the court got there was by relying on another case in which the employees did not receive their break. They were supposed to get these breaks, but they didn't get them. And they wanted to receive pay for the time that they worked that they didn't get relieved. And the court decided, well, no, you've already been paid for the time. You should have gotten the break, and you didn't get the break, but you don't get more pay. You were paid for your time. This is not that case. It doesn't logically follow to try to do the reverse, which is what the trial court did here. In effect, these employees did receive a paid break. They were supposed to receive a paid break. The court's error was in trying to then move that payment to the other ends where the employees were performing these other activities during their work shift. That, of course, doesn't necessarily answer the entire question because you're still confronted with whether or not those activities are compensable under the Portal to Portal Act. The court erred in finding under summary judgment that they were not. Whether or not these activities were compensable based on the Portal to Portal Act and its application is a mixed question of law and fact, as the trial court said. But this case is not as similar to Reich as the trial court felt. This is not a case in which these people are suiting up in special clothing in order to keep blood off themselves. These are specialized clean rooms, but keeping them clean is indispensable to what this employer is doing. Do they have to change into the uniform, not the bunny suit, but into the uniform at the plant, or could they come to work in the uniform? At the plant. Until there is a change later in time that isn't applicable to this case, where the employer changed all of these rules and now they can in fact wear the uniform to work, but not at that time. I'm no expert on this, to put it mildly. My impression of the cases is that they have to put on just a uniform the way a police officer puts on a uniform, or just have an ordinary uniform. That's excluded under the Portal to Portal Act. But if they're putting on specialized equipment like the bunny suit, like protective gear, it is compensable. That seems to be a distinction that's made. Am I on the right track here? I think you're on the right track, but I defy any of us to maintain the right track, given the number and variety of discussions one can have about compensability. One of – and it's hard to come up with a bright line, quite frankly. It is very hard to. One of the questions that is asked is whether or not this is for the employee's benefit or for the employer's benefit. Is this part an indispensable part of the employer's business? Well, I think the trial track was in trying to compare it to another case where it didn't really compare. Where you're wearing an apron to keep blood off your clothes is a great deal different than having to put on all kinds of things to keep you off of the product. Which is very, very important, as we know, in producing silicone wafers. That would be purely indispensable. The bunny suit is one thing, but the plant uniform, one of the two plants – I've forgotten which is which – one of the two plants required a plant uniform. Was that the same kind of imposition and protection for the product that the bunny suit was? That is different, and that had to do with the employer's desire to have a certain image. Which, again, is something presumably indispensable to the employer because they imposed it. That would suggest something more like the placement uniform. Not a major imposition? It's a major imposition if you have to change your clothes at work. It's not something that is de minimis. These people basically spent half an hour or more than half an hour a day. There is a de minimis rule. There is a de minimis rule, and this is not de minimis. Each of these clothes – Does that take care of the question of where if all you have to do is change into a uniform, it takes you two minutes? That would tell them the de minimis rule. That, first of all, it is not all they had to do. No, no, I didn't say that's all they had to do here. There is a dispute. Some say it takes 20 minutes. Some say it takes 15 minutes. They have to wait and do things. But leaving aside the factual dispute, in concept, if all you had to do was get to work, take your uniform out of your locker, put it on, and that took you two minutes to do, that would fall under the de minimis rule. I don't know. Because the de minimis rule is generally applied to things that are less intrusive, such as putting on a hard hat or putting protectors in your ears. So I don't know if that would be de minimis or not. I don't know. It would have to be pretty good to take off all your clothes and put on your uniform in two minutes. And, you know, that would perhaps qualify as work, as it requires some amount of energy as opposed to just putting on your hard hat and going out to the plant. The problem here, though, is even in the dirtiest room of the clean rooms, it requires eight steps beyond your uniform to go in that room. And in the cleanest of the clean rooms, it requires 12 steps. So on its face, this would appear at least to be a factual dispute as to whether or not it was de minimis. I see that the red light went off. Now, let me see if I understand correctly, because this is another case that we might have benefited from a little longer argument. Are there really three basic issues here? One, the question of whether you can apply paid lunch, pay, and then say, well, we'd have to give you overtime because we've already paid you for lunch. That's issue one. Issue two is do you consider work time, the time that it takes to go through all of the belly hop and all of that business. And then issue three is whether you figure the overtime rate based on the just-as-paid hours paid or whether you include in calculating the rate of paid lunch time. Right. There is that third issue. You're quite correct. And that would apply depending on how you analyze the first issue, which really has two proponents where you can treat it either as work time or you can treat it as a paid benefit. If you treat it simply as work time, I don't think you'd get to that third issue. May it please the Court. I'm Bruce Campbell representing the Appalachian Focker Sultronic. As I see it, there are really two issues in this case, two principal issues. The first is does the FLSA prohibit Focker from crediting or excluding meal periods in computing what is compensable work time? The second issue is whether. I don't quite understand that issue. I thought you agreed to pay them for the lunch time. That's paid time. I think that there is some dispute over whether or not that second lunch is deemed to be a paid lunch. Is the agreement that they are to be paid for that lunch? I don't believe that there is evidence in the record that shows. There is a statement in the record, I believe, that that was a paid lunch, but I think the district judge looked at it the right way. This is a claim under the FLSA. Under that statute, the relevant inquiry is a comparison of hours worked versus hours paid. So whether or not this is a paid lunch or not is really beside the point. It's undisputed, and the appellants have conceded, that the second lunch, or for both lunch periods, they were relieved of all duties, so that that was not work time. The record is clear that the plaintiffs were paid for all hours that they worked. The question is whether or not, and the plaintiff has come up with a lot of arguments that Walker could not credit or offset a second lunch against the time spent getting dressed and undressed for the funny suit for both of the... Let me go back to your question. I asked you whether it was paid or unpaid. This document here from Walker Syntronic Corporation describing meal and break periods is headed to page 1, Declaration of General Robinson. The company says that on a 12-hour manufacturing line work schedule, two 30-minute meal periods are scheduled, one paid, one unpaid. That's not right? I believe that's correct, Your Honor. The answer to my question was, yes, the company does tell its employees that it is a paid lunch period. Not, well, maybe there might be something in the record that suggests that that is the company policy, isn't it? Well, I'm not certain about that, Your Honor. There may be conflicting evidence on that point, but... So at least since we're at summary judgment, we can assume that there is a paid lunch period. Correct. Well, I can concede that for purposes of summary judgment that there is a paid lunch period, but we need to go to the next step, and that's that this is not a claim for breach of contract for failure to provide a pay for a paid lunch, but it is a claim under the FLSA for unpaid wages and unpaid overtime. And as the district court analyzed this, you look at, and it goes back to the Anderson v. Mount Clemens case from the U.S. Supreme Court, under the FLSA, the relevant question is hours worked versus hours paid. Suppose a state had a law that required paid vacation in certain minimum amounts, and say the state had a law that said four weeks paid vacation minimum. Do you suggest that somebody, an employer, can comply with the FSLA, got it backwards, but you know what I mean, by saying, well, that's fine, well and good, and we'll comply with that. We're going to take all those hours during those four weeks and spread them over the year and make everybody work an extra half hour a day. Is that going to be in compliance with the law? It would not constitute a violation of the FLSA. Why not? Because the FLSA does not incorporate state law. And otherwise, if you think about it, if the FLSA incorporated all the provisions from the 50 states, you have a crazy quilt of different rules and regulations depending on which state you are in. Is it going to be very difficult for the employers to understand that they couldn't take your vacation pay? And say we've already paid you for overtime because we gave you vacation pay? That would be too difficult because the rule would be different in every state? No, I'm not saying it would be too difficult, Your Honor. I'm saying the FLSA, the language of the statute does not excuse a violation of state law, but nor does it say a violation of state law is thereby transformed into a violation of the Act. And the plaintiffs here, if they had a claim that Vocker did not provide a third meal break or did not provide a paid lunch, then they could have asserted that claim as a matter of contract law or as a matter of state labor law. Why are they required to disregard the document issued by your client, which was just referred to, and say, well, they're telling us it's paid, but we know they're not really paying us for that. And why can't they take at face value what's been offered up and say, ah, well, that's paid lunch, which means I'm not being paid for this time that I'm changing into my bunny suit and finding out from the shift before me what's going on, so I've got a claim here for not being paid for the hours I'm working. Well, why are they required to take the alternative the employer subsequently decides upon? Well, because that's what the FLSA says. I don't recall the FLSA saying that the employer can change the terms of employment. Well, we're not changing the terms of the employment. I mean, the FLSA, you look at hours worked versus hours paid. And here, there's no question that the two lunch breaks, whether paid or unpaid, that the employers were relieved of all duties during those periods. If you look at the case that we cited in our brief, too, the Barefield case, the Barefield assumed that there was a paid lunch, and it said it makes no difference under the FLSA. You can still take that time because it's not work time, and you can credit it against time spent before the shift and after the shift. And that's the Seventh Circuit reached that determination under the FLSA, because that's the right analysis. As a matter of state law, that might not be correct, but the claims here have not asserted the claim for failure to provide a third paid break under state law. The second principal issue here has to do with the plant uniforms. And in one of the fabrication facilities, Fab 2, the employees were required to wear a plant uniform, whereas they were not, they did not wear a plant uniform in Fab 1. And the test there to determine whether that's compensable work time is whether or not that that is a, it's integral and indispensable to the principal activity, which here is manufacturing silicon wafers. And we know that that can't be the case, because in Fab 1, they manufacture silicon wafers. They don't wear the plant uniform, and therefore, the wearing of the plant uniform, unlike the bunny suit that goes on top of the plant uniform, is not integral and indispensable to the manufacture of silicon wafers, and therefore, it is not compensable work time. Is there a dispute about the bunny suit? It seems pretty clear the bunny suit falls on one side of the line, and I think your current argument is that the plant uniform for Fab 2 is on the other side of the line. Yes, that's correct, Your Honor. We acknowledge that the bunny suit would be something that is integral and indispensable. You cannot manufacture silicon wafers in a clean room environment without a bunny suit or a clean suit. So with respect to, back to the court claim under the FLSA, the district court looked at it the right way. It determined, applying all of the authorities and the statute, that there is no time, for plaintiffs who worked more hours than the hours for which they were paid. That's fatal to the plaintiff's claim under the FLSA, and therefore, we ask that you affirm the district court's grant of summary judgment. But you suggest that if the plaintiffs have a complaint, they should bring it under state law with regard to, say, the lunch period. If they wanted a claim, now wait a minute, now we're not getting paid for lunch, and we've got this employment agreement based on the documents issued by the employer that says we're supposed to have a paid lunch, you suggest they bring that claim in state court. That's correct. And in fact, what stops your client from saying in state court, they're getting paid for lunch, they're paid this money? Well, they have asserted a claim in state court, and they're about ready to have a judgment entered in their favor. So they have taken their state law claims, asserted those in state court with success. But that's exactly what they should have done, and that's what they have done. But they can't use state court as a way to get relief, or state law claims as a way to get relief in this court under the FLSA. Thank you. Thank you. Thank you. I'm afraid there might be an implication there about what the state law claim is or is not that might not be correct. I'm not pretending that I know the answer, but I don't think the state law claim is about whether or not they're asserting their contract right to the paid lunch. There is a way to say that your client can't have it both ways. Right. And that's what I'm saying is I don't think that that's the issue in state court, what you were suggesting. And therefore, I'm afraid that that was a wrong impression. If the court desires more information about that state law claim, I would be happy to provide it. But I don't want to leave a false impression that it is what it is not. In terms of whether or not the employer can do this under the FLSA, it cannot. Under the FLSA 29 SC section 218A says that no provision of this chapter shall justify any employer in reducing wage paid by him which is in excess of an applicable minimum wage under this chapter. I'm sorry. And it is, in fact, in my reply brief on page 2 in case I don't read well. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter. And this section also says that no provision of the chapter or any order under it shall excuse noncompliance with any federal or state law establishing a minimum wage higher than a minimum wage or a maximum work week lower. And then it talks about child labor. So, in other words, the concept is somehow the federal law and the state law are totally divided and that you don't have to comply with state law, that you can simply ignore state law and claim compliance under the federal law is not correct. The other thing that I wanted to bring to your attention regarding the Portal to Portal Act is there is a regulation, 29 CFR section 790.8. And we'll see that regarding changing of clothes, and it says a situation may exist, meaning a situation where it's compensable, where the changing of clothes on the employer's premises is required by law, by the rules of the employer, or by the nature of the work. Presumably, this is why the employer decided, after examining the practices, to change the practice so it wasn't required by the rules of the employer to be at the plant. Thank you. Thank you, Dorothy. These two slides will be delivered.
judges: Reinhardt, Silverman, Clifton